UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott Plourde

    v.                                        Civil No. 18-cv-342-PB
                                                Opinion No. 2019 DNH 170
Andrew Saul,[1] Commissioner,
Social Security Administration

**O R D E R**

Scott Plourde has appealed an unfavorable decision from an Administrative Law Judge ("ALJ") on his applications for Supplemental Security Income ("SSI"). Plourde's appeal is still pending, but in the meantime, he has filed a motion to remand this matter to the Commissioner of the Social Security Administration ("SSA"), pursuant to sentence six of 42 U.S.C. § 405(g). The Commissioner objects. For the reasons that follow, I deny Plourde's motion to remand.

Plourde filed applications for SSI in 2012 and 2015, and those applications were subsequently consolidated into a single claim. In that claim, Plourde asserted that he was disabled by multiple impairments including broken vertebrae and migraine headaches. Plourde received a hearing before an ALJ on his SSI claim in July of 2016, and he received an unfavorable decision

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. He replaced the nominal defendant, Nancy A. Berryhill, who had been Acting Commissioner of Social Security.

1

that is dated January 22, 2017.  Among other things, the ALJ
determined that Plourde did not have any physical impairments
that met or equaled the severity of any of the impairments that
the SSA regulations deem to be per se disabling.  In other
words, the ALJ determined that Plourde had failed to satisfy
step three of the sequential evaluation process that the SSA
uses to evaluate claims for benefits.[2]

In his motion to remand, Plourde avers that he filed a new
application for Social Security benefits in April of 2018 and
received a hearing on that application in August of 2019.
According to an affidavit from Bradford Hillman, the attorney
who represented Plourde at his 2019 hearing, the SSA retained a
medical expert, Dr. Joseph Gaeta, who testified that:

> He [Plourde] has multiple orthopedic and spinal issues
> dating back to the onset date and even before then;
>
> from November of 2016 until the end of 2017, because
> of the nature of the issue [Plourde] would have met a
> Listing at that time which would be 1.04 for his neck
> because of the severity, and the problems, and the
> surgery involved, and the recuperation needed;
>
> 1.04(a); [and]
>
> during the same time period as the spinal issue, I
> think [Plourde] would have met a migraine listing also
> during that period of time, within that period, okay,
> that would be an epilepsy listing.

---

[2] See Purdy v. Berryhill, 887 F.3d 7, 10 (1st Cir. 2018)
(quoting Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001);
citing 20 C.F.R. § 416.920).

2

Cl.'s Mot. for Remand, Hillman Aff. (doc. no. 18-1) ¶ 6.[3]  This is the full extent of the evidence that Plourde presents in support of his motion.

In that motion, Plourde asks me to remand this matter to the Commissioner for a new hearing at which Dr. Gaeta could provide the testimony quoted above.

According to sentence six of the judicial review provision of the Social Security Act,

> [t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).  Where, as here, a claimant moves for a sentence-six remand, he bears the burden of establishing "that the . . . evidence [at issue] is both 'new' and 'material,' as those terms are used in the statute [and] that there was a legally adequate reason . . . for neglecting to present" that evidence at a previous hearing.  Evangelista v. Sec'y of HHS, 826 F.2d 136, 139 (1st Cir. 1987).  While the Commissioner concedes that the evidence at issue here is new, for the purposes of 42 U.S.C. § 405(g), he argues that it is not material and that Plourde has failed to show good cause for

---

[3] Dr. Gaeta's reference to "the surgery involved, and the recuperation needed" is entirely unclear.  The record before ALJ does not appear to mention back or neck surgery.

3

failing to obtain an opinion such as Dr. Gaeta's for use at his 2016 hearing. I agree that Plourde has failed to establish the materiality of Dr. Geata's testimony.

Judge McCafferty has recently explained that "[f]or the purposes of sentence six, evidence is material if it 'might have changed the outcome of the prior proceeding.'" Poirier v. Colvin, No. 14-cv-242-LM, 2015 WL 786970, at *3 (Feb. 28, 2015) (quoting Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)); see also Evangelista, 826 F.2d at 140 ("remand is indicated only if, were the proposed new evidence to be considered, the [Commissioner]'s decision 'might reasonably have been different'") (quoting Falu v. Sec'y of HHS, 703 F.2d 24, 27 (1st Cir. 1983)).

Plourde has not carried his burden of establishing a reasonable possibility that the ALJ in this case would have made a different decision if he had been presented with the testimony Dr. Gaeta gave at his 2019 hearing. Dr. Gaeta testified that, in his view, Plourde had two listing-level impairments starting in November of 2016. That was just two months before the ALJ issued the decision that Plourde asks the court to reverse. Given that timing, given the requirement that to be disabling, an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months," 20 C.F.R. § 416.909, and given the lack of any specific testimony regarding duration

by Dr. Gaeta, the court cannot see how Dr. Gaeta's testimony, even if the ALJ had fully credited it, might reasonably have resulted in a decision by the ALJ that in January of 2017, Plourde had a listing-level physical impairment that satisfied the duration requirement.

Moreover, in his decision, the ALJ noted that "[t]he claimant, who is represented by counsel, did not argue that any of his conditions met or equaled the criterial for any listing found in Appendix 1 during the period he alleges that he was disabled." Administrative Transcript (hereinafter "Tr.") 914. But then, after noting that "such a conclusion [was not] apparent on the face of the record," id., the ALJ carefully examined the record and determined that Plourde's spinal condition did not meet the criteria for Listing 1.04 and that his headaches did not meet the criteria for the listing for epilepsy, Listing 11.03. However, Dr. Gaeta's testimony, as reported in Atty. Hillman's affidavit, consists only of the bare conclusion that for the two months prior to the ALJ's decision, Plourde had two listing-level impairments. There is nothing in that testimony, as reported by Atty. Hillman, that even addresses the actual listing criteria, much less anything that runs counter to the ALJ's analysis. In his response to claimant's motion to remand, the Commissioner noted claimant's "piecemeal transcription," Resp't's Resp. (doc. no. 19) 3, and

5

pointed out that "the excerpted portion of the medical expert's testimony does not address the factors in Listing 1.04," id. While claimant filed a reply to the Commissioner's response, he did not supplement his transcript of Dr. Geata's testimony but, rather "concede[d] that the excerpts of Dr. Gaeta's testimony could have contained more specificity on the supportability of Dr. Geata's testimony," Cl.'s Reply (doc. no. 21) 4.  In short, given the highly conclusory nature of the testimony at issue, Plourde has not shown that that testimony might reasonably have resulted in a different decision by the ALJ.

Finally, the Commissioner also argues that Plourde has not established good cause for failing to present evidence pertinent to step three of the sequential evaluation process to the ALJ before he rendered his 2017 decision.  But the "[t]he 'good cause' element of sentence six only comes into play when a claimant presents evidence not in existence or available to him at the time of the ALJ hearing that might have changed the outcome." Poirier, 2015 WL 786970, at *3 (quoting Courtemanche v. Astrue, No. CA 10-427M, 2011 WL 3438858, at *13 (D.R.I. July 14, 2011); citing Seavey v. Barnhart, 276 F.3d 1, 3 (1st Cir. 2001)).  Because Plourde has failed to establish the materiality of the evidence at issue, the court need not address the good cause element.

For the reasons described above, Plourde's motion for a sentence-six remand, document no. 18, is denied.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 30, 2019

cc: Alexandra M. Jackson, Esq.
    Karen B. Fitzmaurice, Esq.
    Jessica Tucker, Esq.